J-S47031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| LAROY D. HOUGH, | : | |
| Appellant | : | No. 39 WDA 2018 |

Appeal from the Judgment of Sentence October 27, 2017
in the Court of Common Pleas of Warren County
Criminal Division at No(s):  CP-62-CR-0000140-2017
CP-62-CR-0000304-2017

BEFORE:   OLSON, MCLAUGHLIN, and STRASSBURGER,* JJ

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 14, 2018**

Laroy D. Hough (Appellant) appeals the October 27, 2017 judgment of sentence entered after he pleaded guilty to one count each of burglary, aggravated assault, and criminal mischief, and two counts of theft by unlawful taking.  We affirm.

We glean the following facts from the record.  On August 13, 2016, Appellant and two others were burglarizing a residence when the homeowner returned.  Appellant fled to a neighboring property, where he stole a truck. The truck's owner observed the theft of his truck and gave chase in a second truck, which he also owned, down a dead-end roadway.  The truck owner stopped the second truck behind the first, blocking the roadway.  Appellant crashed the truck he was driving into a ditch.  Both Appellant and truck owner exited the respective vehicles.  They scuffled, and the truck owner was

---

* Retired Senior Judge assigned to the Superior Court.

knocked to the ground. Appellant entered the second truck and started to drive it in reverse. The truck owner stood up and attempted to stop Appellant by grabbing the steering wheel and reaching inside the second truck to try to turn off the ignition. Appellant did not stop the vehicle, striking and running over the truck owner with the truck. The truck owner was severely injured as a result. Appellant fled the area and entered a different, nearby residence, where he stole several items.

On August 24, 2017, Appellant entered a negotiated guilty plea at docket CP-62-CR-0000140-2017, to one count each of burglary, aggravated assault, theft by unlawful taking, and criminal mischief, and at docket 62-CR-0000304-2017, to one count of theft by unlawful taking. All remaining charges at both dockets were *nolle prossed*. On October 27, 2017, the trial court sentenced Appellant to an aggregate term of 10 years and 3 months to

31 years and 6 months of incarceration.[1]  Amended Sentencing Order,

10/27/2017, at 4.[2]

On November 6, 2017, Appellant filed a post-sentence motion seeking

reconsideration of his sentence.  Following argument, the trial court denied

Appellant's motion.  Order, 12/1/2017.  This timely-filed appeal followed.[3]

On appeal, Appellant argues that his sentence is "unreasonable,

manifestly excessive, and an abuse of discretion."  Appellant's Brief at 7.

Appellant challenges the discretionary aspects of his sentence.  We

consider this issue mindful of the following.

> Sentencing is a matter vested in the sound discretion of the
> sentencing judge, and a sentence will not be disturbed on appeal
> absent a manifest abuse of discretion.  In this context, an abuse
> of discretion is not shown merely by an error in judgment.  Rather,

_____

[1] Specifically, at criminal docket CP-62-CR-0000140-2017, Appellant was sentenced to 30 months to 10 years on the burglary conviction, 42 months to 10 years on the aggravated assault conviction, 27 months to 60 months on the theft by unlawful taking conviction, and 9 to 18 months on the criminal mischief conviction, with all sentences to be served consecutively.  At criminal docket 62-CR-0000304-2017, Appellant was sentenced to 16 months to 60 months on the theft by unlawful taking conviction, to be served consecutively to the aforesaid sentences.  Amended Sentencing Order, 10/27/2017, at 1-4. All of these sentences are within the standard range of the sentencing guidelines, except the aggravated assault sentence, which is within the aggravated range.  The trial court also ordered restitution in the amount of $141,381.46.  *Id.*

[2] It appears the trial court amended Appellant's sentencing order to correct two typographical errors relating to Appellant's middle name and a docket number.  The sentencing order and amended sentencing order are identical in all other respects and were entered on the same date.  *Compare* Sentencing Order, 10/27/2017 *with* Amended Sentencing Order, 10/27/2017.

[3] Appellant and the trial court complied with Pa.R.A.P. 1925.

the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

\* \* \*

When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)

(some citations omitted).

Instantly, Appellant has satisfied the first two requirements: he timely filed a notice of appeal and he sought reconsideration of his sentence in a post-sentence motion. We now consider whether Appellant's brief has a fatal

defect and whether Appellant has presented a substantial question for our review.

While Appellant's brief includes a Pa.R.A.P. 2119(f) statement, his statement does not contain anything more than a recitation of the law relating to Rule 2119(f) statements and substantial questions. *See* Appellant's Brief at 12-13.

> The Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.* the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates the norm (*e.g.* the sentence is unreasonable or the result of prejudice because it is 500 percent greater than the extreme end of the aggravated range). Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits.

***Commonwealth v. Reynolds***, 835 A.2d 720, 733 (Pa. Super. 2003) (quoting ***Commonwealth v. McNabb***, 819 A.2d 54, 55–56 (Pa. Super. 2003)) (emphasis in original) (internal citations and quotation marks omitted). In his Rule 2119(f) statement, Appellant fails to point to a specific provision of the sentencing code that he believes was violated, and fails to specify what fundamental norm he believes his sentence violated and the manner in which he believes it violated that norm. In fact, he makes no mention of his particular sentence at all and instead merely recites boilerplate case law. Thus, Appellant's Rule 2119(f) statement is defective.

Even if Appellant's brief did not contain a fatal defect, he still would not be entitled to relief because he has not raised a substantial question. The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

Notwithstanding Appellant's defective Rule 2119(f) statement, we may consider his statement of the questions involved in determining whether he has raised a substantial question. **See Commonwealth v. Provenzano** , 50 A.3d 148, 154 (Pa. Super. 2012). In his statement of the questions involved, Appellant asserts nothing more than a bald allegation of excessiveness, wherein he asks this Court to review whether "the sentence imposed upon [Appellant is] unreasonable, manifestly excessive, and an abuse of discretion." Appellant's Brief at 7. "Bald allegations of excessiveness are insufficient" to raise a substantial question. **Reynolds**, 835 A.2d at 733, *citing*

*Commonwealth v. Mouzon*, 812 A.2d 617 (Pa. 2002). Thus, Appellant's bald allegation does not present a substantial question for our review.[4]

Accordingly, because Appellant has failed to invoke our jurisdiction, we are precluded from addressing Appellant's challenge to the discretionary aspects of his sentence, and we affirm Appellant's judgment of sentence. *See Samuel, supra*.

Judgment of sentence affirmed.

_____

[4] Even if we were able to consider the merits of Appellant's discretionary-aspects-of-sentencing claim, we find it to be without merit. Appellant was sentenced within the standard range on all but the aggravated assault conviction. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (holding "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code") (citations omitted). Further, the trial court cited several aggravating circumstances it considered in sentencing Appellant within the aggravated range on the aggravated assault conviction: Appellant was not a good candidate for rehabilitation, he had a lengthy prior criminal record, he did not stop and offer aid to the victim, which showed a lack of compassion, and any lesser sentence would minimize the seriousness of the crime. N.T., 8/24/2017, at 29-32; *see also* Trial Court Opinion, 2/8/2018, at 4. Moreover, the trial court had the benefit of Appellant's pre-sentence investigation report at the time of sentencing. N.T., 10/27/2017, at 7, 22. *See Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (holding "where … the sentencing court had the benefit of a pre-sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (citation and quotation marks omitted). Thus, we conclude that Appellant has failed to demonstrate that "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013)).

Judge Olson joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2018